# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § **CASE NUMBER 6:16-CR-00017-JDK** **v.** § § § § **DAVID WAYNE WILLIAMS** § § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On March 18, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant David Wayne Williams. The government was represented Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Kenneth Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute Methamphetamine in an Amount Less Than 50 Grams, a Class C Felony. This offense carried statutory maximum imprisonment terms of 20 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of VI, was 63 to 78 months. On May 4, 2017, U.S. District Judge Thad Heartfield of the Eastern District of Texas sentenced Defendant to 72 months imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug abuse testing and treatment. On May 28, 2021, Defendant completed his period of imprisonment and began service of the supervision term.

On March 20, 2023, U.S. Magistrate Judge John Love of the Eastern District of Texas modified Defendant's conditions of supervised release to allow Defendant to be placed in a half-

way house for 180 days with an extension of his term of supervised release for one year, to begin on the date of release from the half-way house. On April 25, 2023, Defendant's conditions of release were modified, resulting in an overall extension of the supervision term of 125 days.

Under the terms of supervised release, Defendant was required to refrain from any unlawful possession of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release on January 10, 2024, when he submitted a positive urine test for methamphetamine, a controlled substance. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised as alleged above, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months. U.S.S.G. § 7B1.4(a). Given that the original offense which resulted in the term of supervised release was a Class C felony, the maximum imprisonment is reduced to not more than 24 months. *See* 18 U.S.C. §§ 3583(e)(3), 3583(g)(1).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 21 months imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant David Wayne Williams's plea of true be accepted and he be sentenced to 21 months imprisonment with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville,

Texas, or if Seagoville is not available, FCI Texarkana, Texas and that he receives drug treatment. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 19th day of March, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE